**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

EILEEN RIVERA *o/b/o* J.C.R.C., :
:
Petitioner, :
:
v. : Case No. 7:26-cv-347-LAG-AGH
: 28 U.S.C. § 2241
Warden, IRWIN COUNTY :
DETENTION CENTER, :
:
Respondent. :

**ORDER**

On November 2, 2026, Eileen Rivera filed an application for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1) on behalf of J.C.R.C. The petition is signed only by Ms. Rivera, who claims next friend standing due to J.C.R.C. being "currently unable to sign, file, or submit this petition directly due to restricted detention facilities access, language barriers, and restricted access to legal materials and court services at the facility." Rivera Decl. ¶ 2, ECF No. 1-1. She identifies herself as J.C.R.C.'s cousin. *Id.* ¶ 1. Ms. Rivera did not file a motion for leave to proceed as next friend. For the following reasons, leave to proceed as next friend on behalf of J.C.R.C. is denied.

Someone acting as "next friend" may file a habeas petition on behalf of a person unable to seek relief himself. *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing

signed and verified by the person for whose relief it is intended or by someone acting in his behalf.”). One prerequisite to such standing, however, is that the next friend “provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.” *Francis*, 246 F. App’x at 622 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)).

While Ms. Rivera alleges certain adverse conditions of confinement suffered by J.C.R.C., she does not adequately explain why they would prevent J.C.R.C. from litigating this matter on his own behalf. It is not uncommon for petitioners to suffer from isolating conditions of confinement including restricted communications, but such conditions do not render petitioners unable to represent themselves. This Court, like many others across the nation, receives petitions daily from immigration detainees who are detained under circumstances like those under which J.C.R.C. is allegedly detained. In other words, immigration detainees in the same position as J.C.R.C. have been able to prosecute their own cases in this Court. Ms. Rivera alleges nothing that would distinguish J.C.R.C.’s confinement from that of other detainees who are litigating their own cases. Consequently, the Court denies Ms. Rivera leave to proceed as next friend on behalf of J.C.R.C.

Therefore, for this matter to proceed, the Court must receive an application for habeas relief signed by J.C.R.C. personally. Furthermore, J.C.R.C. failed to pay the filing fee or move for leave to proceed *in forma pauperis* (IFP). Notice of Deficiency, Nov. 3, 2026. If J.C.R.C. wishes to maintain this action, he must pay the filing fee or

move to proceed IFP, in addition to filing a signed petition.

Ms. Rivera may provide J.C.R.C. with a habeas petition or J.C.R.C. may use the Court's standard habeas form. If J.C.R.C. chooses to file a motion to proceed IFP, he must use the court's standard form. The Clerk is directed to provide the appropriate forms for these purposes by sending a copy of the forms with this case number on it, together with a duplicate service copy of this Order, to J.C.R.C. at Irwin County Detention Center. J.C.R.C. shall have twenty-one (21) days to comply with this Order, which deadline shall supersede the deadlines imposed by the notice of deficiency. Failure to comply may result in dismissal of this action. J.C.R.C. is directed to notify the Court in writing of any change of address while this case proceeds.

**SO ORDERED**, this 6th day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE